UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEVEN REECE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:17-cv-534-WTL-MJD |
| ) | |
| INDIANA DEPARTMENT OF CORRECTION, ) | |
| WEXFORD MEDICAL GROUP, ) | |
| COMMISSIONER ROB CARTER, ) | |
| OFFICRER SHARP, ) | |
| EXECUTIVE ASSISTANT G. ROSEBERRY, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Complaint, Dismissing
Insufficient Claims and Directing Further Proceedings**

**I.** *In Forma Pauperis*

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 3, is **granted**. The plaintiff is assessed an initial partial filing fee of Six Dollars and Eighty-Three Cents ($6.83). He shall have **through December 28**, **2017**, to pay this sum to the clerk.

**II. Standard**

Steven Reece, who is incarcerated at the Putnamville Correctional Facility, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the Court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, the plaintiff alleges that he was injured on June 21, 2016, when defendant Officer Sharp pulled him off of an Indiana Department of Correction ("IDOC") transport bus while he was handcuffed causing him to fall to the ground and severely injuring himself. These allegations implicate the plaintiff's Eighth Amendment rights. The plaintiff also alleges a state law claim for negligence.

### III. Insufficient Claims

The claims against Executive Assistant G. Roseberry and Commissioner Rob Carter are **dismissed** as legally insufficient because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

The claims against Wexford of Indiana are **dismissed**. Wexford of Indiana did not take over providing medical care for the IDOC until April 1, 2017. The allegations that forms the basis of this lawsuit occurred on June 21, 2016. However, even if the plaintiff properly named Corizon in this action, any claims against Corizon must be dismissed as legally insufficient. Because Corizon acts under color of state law by contracting to perform a government function, i.e., running a correctional institution or providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc*., 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Corizon, the plaintiff must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Corizon. The plaintiff makes no such allegations. As such any claims in this complaint that could understood to be against Corizon are **dismissed**.

In addition, the IDOC **is dismissed** as a defendant because the Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in the plaintiff's complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

## IV. Claims that May Proceed

The Eighth Amendment ban on cruel and unusual punishment prohibits the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The use of excessive force can support a viable claim under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). To determine whether a viable excessive force claim is presented here, the "core judicial inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (*citing Hudson*, 503 U.S. at 7) (internal quotation marks omitted). "The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers*, 475 U.S. 312, 319, (1986). *See also Guitron v. Paul*, 675 F.3d 1044, 1045-46 (7th Cir. 2012) (quoting *Whitley*).

The claims against Officer Sharp for excessive force in violation of the Eighth Amendment and negligence **may proceed**.

## V. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer Sharp in the manner specified by Rule 4(d). Process shall consist of the complaint filed on November 27, 2017, dkt. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk is instructed** to update the docket to remove defendants Indiana Department of Correction, Wexford Medical Group, Rob Carter and G. Roseberry from the docket.

**The clerk is designated** to serve the Indiana Department of Correction employee electronically.

**IT IS SO ORDERED.**

Date: 11/29/17

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronic service to:

    Officer Sharp
    Putnamville Correctional Facility

Steven Reece, #106668
Electronic Service Participant - Putnamville Correctional Facility